IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OSCAR STANLEY JONES, #238611<br>    Petitioner,<br>  v. | *<br><br>*   CIVIL ACTION NO. PJM-09-3336 |
| WILLIAM FILBERT, JR.<br>THE ATTORNEY GENERAL OF THE<br> STATE OF MARYLAND<br>    Respondents | *<br><br>*<br><br>*** |

**MEMORANDUM OPINION**

On December 14, 2009, Petitioner Oscar Stanley Jones ("Jones"), a Maryland prisoner confined at the Brockbridge Correctional Facility, filed this Petition for writ of habeas corpus alleging that the Division of Correction ("DOC") commitment office failed to deduct the aggregate street time (1,326 days) and diminution credits (814 days) allowed by the "Commissioner" when Jones's mandatory release was revoked in June of 2008. Jones claims that the DOC has only deducted 814 diminution credits and if the allowed street time was additionally deducted from the maximum expiration date of his sentence, he would have been released in September of 2009. Because he appears indigent, Jones's Motion for Leave to Proceed *In Forma Pauperis* shall be granted.

In light of Jones's claims and relief request, his Petition has been construed as a 28 U.S.C. § 2241 challenge to execution of his sentence. Jones does not, however, contend that a state remedy is unavailable for his claim. A review of the Petition shows no evidence that he has exhausted his state court remedies as to this issue. Therefore, it appears that the Petition is subject to dismissal for the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

Prisoners in the custody of the Maryland DOC who wish to challenge commitment calculations have two possible avenues for relief in the state courts:

Administrative Proceedings

Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the computation of his or her credits by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.* to the warden of the institution where he is confined;

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office, ("IGO");

4. Appealing a final decision of the IGO to the Circuit Court;

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

Habeas Corpus Proceedings

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[1] and

---

[1] Although at one time, this court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the

      3.     Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Because there is no showing at present that Jones has utilized any of these procedures to challenge the alleged failure to award him the full credits allowed by the "Commissioner," he shall be granted an additional period of time to show cause why his case should not be dismissed without prejudice for the failure to exhaust state court remedies.[2] If Jones fails to file a timely or responsive show cause response, the Court shall dismiss and close this case without further notice.

Date:  December 22, 2009                                  _____/s/_____
                                                                      PETER J. MESSITTE
                                                                 UNITED STATES DISTRICT JUDGE

---

calculation of sentences and/or diminution credits.  *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

    [2]     The show cause response shall include this case number in the caption and documentation supporting an exhaustion argument.